UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHARDY ENTERPRISES LLC and
KKL TRANSPORTATION, LLC,

 Plaintiffs,

 Case No.: 2:24-cv-12797
v. Hon. Gershwin A. Drain

NCR ATLEOS CORPORATION
and CARDTRONICS USA, INC.,

 Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE [ECF No. 6]

## I.   INTRODUCTION

This suit arises out of a distributor agreement between Khardy Enterprises LLC ("Khardy") and Cardtronics USA, Inc. ("Cardtronics"). Under the agreement, Cardtronics provided Khardy's ATMs—which Khardy owned and operated—with access to various bank and credit networks. ECF No. 1-1, PageID.11. Khardy and KKL Transportation ("KKL") (together "Plaintiffs") allege that Cardtronics and its parent company, NCR Atleos Corporation ("NCR Atleos") (together "Defendants") breached this agreement. Plaintiffs raise claims for breach of contract, unjust enrichment, conversion, and accounts stated. *See generally* ECF No. 1-1. In turn,

1

Defendants raise a counterclaim against Khardy for breach of contract arising out of the same agreement. *See* ECF No. 7.

Presently before the Court is Defendants' Motion to Transfer Venue to the U.S. District Court for the Southern District of Texas, Houston Division. *See* ECF No. 6. Defendants allege that the agreement between Cardtronics and Khardy contained a mandatory forum selection clause providing exclusive jurisdiction in the state and federal courts located in Harris County, Texas. *Id.* at PageID.62. Therefore, they request transfer of this case to the federal district court in Houston under 28 U.S.C. § 1404(a). Plaintiffs oppose this motion, arguing that the forum selection clause is permissive, not mandatory. ECF No. 9, PageID.125–27. Therefore, Plaintiff maintains that transfer is inappropriate here.

The motion is fully briefed. The Court concludes that oral argument will not aid in disposition of this matter and will determine the outcome on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court DENIES Defendants' Motion to Transfer Venue.

## II.    BACKGROUND

Plaintiffs Khardy and KKL are Michigan corporations based in Wayne County that own and operate ATMs. ECF No. 1-1, PageID.10. Cardtronics and its parent company, NCR Atleos, provide ATM hardware, software, processing, maintenance, and related services to financial institutions, financial technology

companies, ATM operators, and merchants. ECF No. 6, PageID.59–60. Khardy entered into a written service contract with Defendant Cardtronics in March 2024. Under the contract, Cardtronics connected Khardy's ATMs to bank and credit networks, allowing Khardy's ATM customers to connect to their banks through Khardy's machines. ECF No. 1-1, PageID.11. The contract also provided that Khardy could charge fees to access the machines, and that such fees would be split between Khardy and Cardtronics. *Id.*

Khardy claims that Cardtronics refused to split ATM fees accrued as required by the contract, having withheld payment totaling $144,984.17. *Id.* at PageID.12. Cardtronics contends that it has not split the fees with Khardy because Khardy was charging "exorbitant" surcharge fees as high as $99 per withdrawal in a scheme to defraud financial institutions that refund such fees. ECF No. 6, PageID.59. As such, Cardtronics states that it terminated the agreement with Khardy for cause and ceased processing transactions on Khardy's terminals. *Id.* at PageID.60.

As a result of these events, Khardy and KKL[1] sued Cardtronics and NCR Atleos in Third Circuit Court in Wayne County, Michigan for breach of contract,

---

[1] Khardy is the only entity that is a party to the underlying contract with Cardtronics in this case. *See* ECF No. 6-2. Defendants state that they do not know KKL's relation to the case and, to their knowledge, do not have any separate contract with KKL. *See* ECF No. 6, PageID.66. Defendants assume KKL must be relying upon Khardy's contract for its claims in this suit. *See id.* Plaintiffs have not clarified KKL's relation to the case.

unjust enrichment, conversion, and accounts stated. *See* ECF No. 1-1. Cardtronics

and NCR Atleos removed the case to the U.S. District Court for the Eastern District

of Michigan. *See* ECF No. 1. In addition, Defendants brought a counterclaim for

breach of contract against Khardy. ECF No. 7. Now Defendants seek to transfer the

case to the U.S. District Court for the Southern District of Texas, Houston Division.

ECF No. 6.

Defendants allege that the agreement between Cardtronics and Khardy

contained a mandatory forum selection clause. In particular, clause 14 of the

agreement states in part:

> **14. Jurisdiction.** This Agreement shall be construed, interpreted, and
> enforced in accordance with the laws of the State of Texas, excluding
> the rules on conflicts of laws. The parties hereto consent to the
> jurisdiction of any state or federal court located within Harris County,
> Texas and waive any objection relating to improper venue.

ECF No. 6-2, PageID.78. Defendants claim that this is a mandatory selection clause

and that the law requires the Court to transfer this case to the designated forum. If

the clause is not mandatory, Defendants further contend that a standard forum non

conveniens analysis for transfer under 28 U.S.C. § 1404(a) supports a transfer in this

case. In addition, Defendants claim that this clause is binding on KKL even though

KKL is not a party to the contract, and that it applies to all claims arising out of the

contract, even those claims that are non-contractual. Accordingly, Defendants seek

transfer to the federal district court in Houston pursuant to the forum selection clause.

Plaintiffs responded, opposing this motion. ECF No. 9. Plaintiffs do not address Defendants' contentions regarding the binding nature of the clause on KKL or whether the clause applies to their non-contractual claims. However, Plaintiffs allege that the jurisdiction clause is permissive, not mandatory. Particularly, Plaintiffs state that the clause acts as more of a "forum option clause" rather than a requirement that cases be litigated in Harris County, Texas. *Id.* at PageID.114. As such, Plaintiff claims that a standard § 1404(a) analysis applies, and it does not favor transfer.

Defendants replied, arguing that the clause is indeed mandatory despite not including language like "shall" or "exclusive." ECF No. 11, PageID.139. Defendant also points out that Plaintiff failed to address its arguments pertaining to the applicability of the clause to KKL and the non-contractual claims.

## III.   LAW & ANALYSIS

### a. Forum Selection Clause Standard

Federal law empowers a district court to transfer "any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This section "codifies the doctrine of forum non conveniens for the subset of cases in which the transferee

forum is within the federal system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Boling v. Prospect Funding Holdings, LLC*, 771 Fed. App'x 562, 567 (6th Cir. 2019) (quoting *Atl. Marine Constr. Co. v. United States Dist. Ct.*, 571 U.S. 49, 60 (2013)) (internal quotation marks and emphasis omitted). When a case is "improperly filed in contravention of a forum selection clause, the Court has discretion… to transfer the case [to another federal court] in accordance with section 1404(a)." *Scepter, Inc. v. Nolan Transp. Grp., LLC*, 352 F. Supp. 3d 825, 830 (M.D. Tenn. 2018) (quoting *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 934 (6th Cir. 2014)); *see also Atl. Marine Constr. Co.*, 571 U.S. at 59 (stating that § 1404(a) is "a mechanism for enforcement of forum-selection clauses that point to a particular federal district.").

When a defendant seeks to transfer a case to another federal district because of a purported forum selection clause, the court must first determine whether the forum selection clause is "applicable to the claims at issue, mandatory, valid, and enforceable." *Lakeside Surfaces, Inc. v. Cambria Co.*, 16 F.4th 209, 215 (6th Cir. 2021). If the answer to any of these questions is no, a standard forum non conveniens analysis applies. *Id.* at 216. The analysis pursuant to a § 1404(a) motion requires the moving party to show that the action could have been brought in the proposed transferee district, a transfer would promote the interests of justice, and a transfer would serve the parties' and witnesses' convenience. *Perceptron, Inc. v. Silicon*

6

*Video, Inc.*, 423 F. Supp. 2d 722, 728–29 (E.D. Mich. 2006). Notably, a plaintiff's choice of forum under a standard forum non conveniens analysis is "generally given deference[.]" *Wieland Copper Prods., LLC v. Actian Corp.*, No. 3:21-cv-755-CHB, 2022 U.S. Dist. LEXIS 238189, at *4 (W.D. Ky. May 4, 2022); *see also Atl. Marine Constr. Co.*, 571 U.S. at 63 (calling this deference "plaintiff's venue privilege.").

In contrast, if the answer to all these questions is yes, then the analysis is modified in the following ways: (1) the plaintiff's choice of forum merits no weight, and it is the plaintiff's burden to show why the case should not be transferred; and (2) the court only considers public interest factors, because private interest factors are deemed to weigh entirely in favor of the designated forum. *Lakeside Surfaces, Inc.*, 16 F.4th at 215 (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 63–64). Given that public interest factors will "rarely defeat a transfer motion," the "practical result" is that applicable, mandatory, valid, and enforceable forum selection clauses "will almost always control." *Boling*, 771 Fed. App'x at 568 (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 64).

Whether a forum selection clause is applicable, mandatory, valid, and enforceable is a question of law that is reviewed on appeal de novo. The balancing of the forum non conveniens factors is reviewed on appeal for abuse of discretion. *Lakeside Surfaces, Inc.*, 16 F.4th at 216.

### b. Governing Law

Jurisdiction in this case is based on diversity of the parties. *See* 28 U.S.C. § 1332. Recently, in *Firexo, Inc. v. Firexo Grp. Ltd.*, the Sixth Circuit held that when a court is sitting in diversity and interpreting a forum selection clause in a contract, the *Erie* doctrine requires the court to apply a conflicts of laws analysis using the law of the state in which it sits to determine the governing law, and then to interpret the contract provision under that law. 99 F.4th 302, 326–27 (6th Cir. 2024) (stating that determining the applicability of a forum selection clause is a matter of contract interpretation and must be analyzed in line with the *Erie* doctrine); *see also Datres v. Winfree*, No. 1:23-cv-519, 2024 U.S. Dist. LEXIS 151015, at *12 (W.D. Mich. Aug. 23, 2024) (applying *Firexo, Inc.*'s holding, and interpreting whether a forum selection clause is mandatory according to state law). In addition, where the parties have not argued for the application of a specific jurisdiction's law, the court need not engage in a detailed choice of law analysis. *See Firexo, Inc.*, 99 F.4th at 328 (citing *Atricure, Inc. v. Meng*, 12 F.4th 516, 525 (6th Cir. 2021)).

Because this Court sits in Michigan, Michigan state law determines the choice of law analysis applied to this case. Under Michigan law, except for certain exceptions not applicable here, "public policy favors the enforcement of contractual forum-selection clauses and choice-of-law provisions." *Turcheck v. Amerifund Fin., Inc.*, 725 N.W.2d 684, 688 (Mich. Ct. App. 2006); *Chrysler Corp. v. Skyline Indus.*

*Servs.*, 448 Mich. 113, 126 (1995) (listing the exceptions). Thus, "the Michigan courts will enforce contractual choice-of-law provisions[.]" *Turcheck*, 725 N.W.2d at 688.

The parties' contract states that the agreement "shall be construed, interpreted, and enforced in accordance with the laws of the State of Texas, excluding the rules on conflicts of laws." *See* ECF No. 6-2, PageID.78. Furthermore, in their briefing, the parties have not specifically argued for the application of any particular law. Thus, given that Michigan courts would enforce the parties' choice of law provision, Texas law applies to the interpretation of the parties' contract.

### c. Analysis

#### i.   Mandatory or Permissive

The parties disagree about whether the forum selection clause is mandatory or permissive. Upon reviewing Texas state law, the Court concludes that the parties' forum selection clause is permissive, not mandatory.

Under Texas law, "[a] forum selection clause can be mandatory and exclusive, or permissive in nature." *In re Agresti*, No. 13-14-00126, 2014 Tex. App. LEXIS 5689, at *15 (Tex. Ct. App. May 29, 2014). For a forum selection clause to be considered mandatory, "the clause must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *Id.* (quoting *City of New Orleans v. Mun. Admin. Servs.,*

*Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)) (internal quotation marks omitted). "Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory." *Id.* at 16; *see also Mabon Ltd. v. Afri-Carib Enters., Inc.*, No. 14-99-00228-CV, 29 S.W.3d 291, 297 (Tex. Ct. App. 2000) ("An enforceable forum selection clause must contain explicit language regarding exclusivity.").

In contrast, a permissive forum selection clause "authorizes venue in a designated forum but does not prohibit litigation elsewhere." *In re Agresti*, 2014 Tex. App. LEXIS 5689, at *16 (describing permissive forum selection clauses as "consent to jurisdiction" clauses). "Consenting to the jurisdiction of one forum does not necessarily mean that a party has selected an exclusive forum and waived its right to have the case heard in different forums." *Id.*; *see also Target Strike, Inc. v. Strausburger & Price, L.L.P.*, No. 05-18-00434-CV, 2018 Tex. App. LEXIS 9435, at *33 (Tex. Ct. App. Nov. 19, 2018) ("Clauses in which parties merely "consent" or "submit" to jurisdiction of a particular forum, without further language indicating the parties' intent to make jurisdiction exclusive, are permissive.").

Thus, Texas courts have found that when a forum selection clause specifies a certain venue, but does not exclude others, it is not a mandatory forum selection clause. *See In re Agresti*, 2014 Tex. App. LEXIS 5689, at *23–*24 (finding a forum selection clause stating that "the State of Colorado is the proper jurisdiction and that

10

Denver is the proper venue to hear any such action" permissive); *Mabon Ltd.*, 29 S.W.3d at 297–98 (finding a forum selection clause stating that "the Federal District of Nigeria shall have venue" permissive); *Southwest Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322, 323, 325 (Tex. Ct. App. 1999) (finding a forum selection clause stating that "The Parties stipulate to jurisdiction and venue in Ramsey County, Minnesota" permissive); *Apollo Prop. Partners, LLC v. Diamond Houston I, L.P.*, No. 14-07-00528-CV, 2008 Tex. App. LEXIS 5884, at *5–*6 (Tex. Ct. App. Aug. 5, 2008) (finding a forum selection clause stating that "The parties irrevocably submit to the jurisdiction of any Illinois court, or federal court sitting in Cook County, Illinois," and "the parties consent to Cook County, Illinois" permissive).

Here, the parties' forum selection clause states that "[t]he parties hereto consent to the jurisdiction of any state or federal court located within Harris County, Texas and waive any objection relating to improper venue." ECF No. 6-2, PageID.78. Rather than clearly demonstrating the parties' intent to make Harris County, Texas the exclusive forum in this case, the clause contains no mandatory language like "shall," "the," "exclusive," or the like. *See In re Agresti*, 2014 Tex. App. LEXIS 5689, at *25. Indeed, the plain language of the clause indicates it is only a "consent to jurisdiction" clause—in other words, a clause that Texas courts have found merely permissive. *Id.* at *16; *Mabon Ltd.*, 29 S.W.3d at 297.

Defendants point to *Central Coal Co. v. Phibro Energy, Inc.* for the proposition that a clause need not necessarily contain exclusive language in order to be considered mandatory. 685 F. Supp. 595, 598 (W.D. Va. 1988). In that case, the contract had a choice of law provision providing for New York law to apply to the contract, and a forum selection clause that stated that "each party expressly submits to the jurisdiction of the state of New York, U.S.A. and the federal courts situated in New York City…" *Id.* at 595 (caps lock removed). The court found that this clause was mandatory because the clause would be "meaningless and redundant" without construing it as mandatory. *Id.* at 598. It also found that titling the forum selection clause "Jurisdiction," and providing that New York law governed the contract, lent support to the notion that the forum selection clause required mandatory venue in New York.

In this case, however, the clause is not "meaningless or redundant" when construed as permissive. Plaintiffs are Michigan corporations based in Wayne County. ECF No. 1-2. The ATMs at issue are all located in Michigan.  ECF No. 1-1. The events that occurred in this case all happened in Michigan. *Id.* Defendants do business in Michigan, have their principal places of business in Georgia, and are incorporated in Maryland and Delaware, respectively. ECF No. 1-2. Cardtronics merely maintains an office in Houston, Texas. ECF No. 6, PageID.71. In other

words, there is very little connection between the contract and Texas, and no connection between Plaintiffs and Texas.

Thus, the consent to jurisdiction clause allows Defendants to bring an action against *Plaintiffs* in Texas federal and state courts where there would be no personal jurisdiction over Plaintiffs in those courts otherwise. *See generally Google LLC v. State*, No. 13-23-00114-CV, 2025 Tex. App. LEXIS 64, *3–*20 (Tex. Ct. App. Jan. 9, 2025) (discussing Texas's long arm statute and federal constitutional law on personal jurisdiction); *In re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014) (stating that a consent to jurisdiction clause allows a court to avoid conducting any analysis regarding a party's contacts with a forum). For this reason, construing the clause as permissive does not render it meaningless. *See, e.g.*, *Southwest Intelecom, Inc.*, 997 S.W.2d at 326 (finding that a forum selection clause is not meaningless when construed as permissive for the same reason; stating that "[w]ithout the jurisdiction clause, it is at least arguable that a Minnesota court would have been unable to exercise jurisdiction over Intelecom, since Intelecom has apparently had little, if any contact with that state.").

The court in *Central Coal* also found the fact that the contract designated New York as the forum *and* as the choice of law to "further support… a mandatory interpretation" of the forum selection clause. *Central Coal Co.*, 685 F. Supp. at 598. In this case, the parties' contract also provides for identical choice of law and

13

jurisdiction—Texas. However, *Central Coal* is a federal decision from the Western District of Virginia. *See id.* Texas courts, on the other hand, do not appear to give weight to this same factor. *See, e.g.*, *In re Agresti*, 2014 Tex. App. LEXIS 5689, at *23–*24 (finding a forum selection clause permissive despite the contract also providing for choice of law exclusively from the same forum); *Southwest Intelecom, Inc.*, 997 S.W.2d at 323, 325–26 (same).

In addition, the *Central Coal* court found important the fact that the forum selection clause was titled "Jurisdiction." *See Central Coal Co.*, 685 F. Supp. at 598 ("Moreover, Section 15 is titled 'Jurisdiction.' If the parties intended the clause to be merely permissive, it is doubtful that they would have employed such terminology."). In this case, the clause is similarly titled "Jurisdiction." However, the Court does not find this detail dispositive, because even if it supported Defendants' argument, the clause would be ambiguous at best. The court in *Central Coal* noted that overall, the language of the clause was "not as strong as it could be" and that "other interpretations [of the clause] [were] reasonable." *Id.* In Texas, ambiguous clauses are construed against the drafter. *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 737 (Tex. 1990) ("It is well-established law that where an ambiguity exists in a contract, it will be construed strictly against the party who drafted it since the drafter is responsible for the language used."). Thus, even if the

14

clause could be considered ambiguous because it is titled "Jurisdiction," it would be construed against Defendants, given that they were the drafters of the contract.

Therefore, the Court concludes that the forum selection clause is permissive, not mandatory. Because the Court answers "no" to whether the clause is "applicable to the claims at issue, *mandatory*, valid, and enforceable[,]" the standard forum non conveniens analysis applies in this case. *Lakeside Surfaces, Inc.*, 16 F.4th at 215–16 (emphasis added).[2]

### ii.    Forum Non Conveniens

The parties disagree about whether a standard forum non conveniens analysis under § 1404(a) favors transfer in this case. Upon reviewing the parties' arguments, the Court concludes that transfer is not appropriate.

In determining whether to transfer a case pursuant to § 1404, courts must determine whether the transfer "would promote the interests of justice, and… serve the parties' and witnesses' convenience." *Perceptron, Inc.*, 423 F. Supp. 2d at 729.[3] District courts have "broad discretion to grant or deny a motion for transfer of venue

---

[2] Notably, even if the Court were to apply Michigan state law rather than Texas state law, the outcome would be the same. *See Datres*, 2024 U.S. Dist. LEXIS 151015, at *7–*14 (applying Michigan state law to find a forum selection clause permissive, not mandatory).

[3] A court must also determine whether the action could have been brought originally in the transferee court. *Perceptron, Inc.*, 423 F. Supp. at 728. This element is not in dispute here, where the parties agreed in their permissive forum selection clause that federal and state courts in Texas have jurisdiction over this matter.

under 1404(a)." *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)

(citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir.

1989)). The factors guiding a district court's discretion include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* (quoting *Pilates, Inc. v. Pilates Inst.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995)).[4]

Considered in totality, these factors favor keeping the case in Michigan. First,

Plaintiff contends that all of its anticipated witnesses live in Michigan. ECF No. 9,

PageID.128. Moreover, Defendants have not indicated whether Texas would be a

convenient forum for any of their anticipated witnesses. *See Pilates, Inc.*, 891 F.

Supp. at 183 (stating that a party seeking transfer generally must "specifically list

the evidence and witnesses on which the party intends to rely in the transferee

district… Absent such a showing, the motion should be denied."). As such, a trial in

---

[4] Section 1404(a) revised, rather than merely codified, the common law doctrine of forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). The Supreme Court has held that § 1404(a) gives courts broader discretion to grant transfers "upon a lesser showing of inconvenience" than with the traditional forum non conveniens doctrine. *Id.* However, the same factors are relevant in both cases. *Id.*

Michigan is more convenient for witnesses than a trial in Texas.[5] *See McNic Oil &*
*Gas Co. v. Ibex Resources Co.*, 23 F. Supp. 2d 729, 737 (E.D. Mich. 1998) ("Federal
courts have considered convenience of the witnesses to be probably the most
important factor, and the factor most frequently mentioned, in passing on a motion
to transfer under 28 U.S.C. § 1404(a)."). This factor favors Plaintiffs.

Second, both Defendants and Plaintiffs agree that the location of evidence
would not pose an issue in this case. ECF No. 6, PageID.71 (stating that the
"universe" of evidence is likely small); ECF No. 9, PageID.128 (stating that
"documents are able to be exchanged electronically, and as a result the physical
location of the documents and evidence are not of significant import."). Thus, this
factor favors Defendants. Third, Defendants contend that Texas is more convenient
for them, but Plaintiffs are incorporated and do business in Michigan and contend
that Michigan is more convenient for them. As such, this factor is neutral. Fourth,
the "locus of operative facts" in this case is in Michigan, as Defendants concede.
ECF No. 6, PageID.71. This factor favors Plaintiffs.

---

[5] Defendants contend that this factor is neutral because "[i]t is unlikely" that
Plaintiffs will deny that they have an arrangement with members of the public to
make "extortionate" withdrawals from Plaintiffs' ATMs. ECF No. 6, PageID.70.
Notably however, Plaintiffs dispute Defendants' characterization of these events,
and also state that they have anticipated witnesses. *See* ECF No. 9, PageID.123, 128.
It seems likely that individuals who made the allegedly extortionate withdrawals will
need to testify about the nature of the relationship between themselves and Plaintiffs,
in order to determine Plaintiffs' "honesty and integrity," if this case is to go to trial.
ECF No. 6, PageID.70.

Fifth, the federal court in Texas would be without power to subpoena Michigan nonparty witnesses to testify at a deposition, hearing, or at trial. Federal Rule of Civil Procedure 45 provides that a subpoena may command a person to attend a deposition, hearing, or trial if it is within 100 miles of where the person resides, is employed, or regularly transacts in-person business; or is within the state where the person resides, is employed, or regularly transacts in-person business if the person is a party or the party's officer, or is commanded to attend trial and would not incur substantial expense. Fed. R. Civ. P. 45(c). Defendants argue that this factor is "a wash" because depositions can be held in Detroit for Detroit-based witnesses, but Defendants do not address the matter of hearings or trial. ECF No. 6, PageID.71. Given that Texas is significantly more than 100 miles away and no argument has been made that witnesses could otherwise be compelled to attend proceedings in Texas, this factor favors Plaintiffs.

Sixth, Defendants concede that Plaintiffs do not have the financial resources that Defendants do. ECF No. 6, PageID.71. However, Defendants indicate that Plaintiffs "had the financial wherewithal to purchase four 'jet cars' at a price of $86,000 each." *Id.*; *see also* ECF No. 6-6 (a complaint by Plaintiffs against JetCarLux pertaining to these jet cars). Without more information about the relative resources of the parties, the Court considers this factor neutral. Seventh, a federal

court in Texas will be more familiar with the governing law, so this factor favors Defendants.

Eighth, "[w]hen a domestic plaintiff initiates suit in his home forum, that choice is normally entitled great deference because it is presumptively convenient for the plaintiff." *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 493 (6th Cir. 2016). "In general, the standard of deference for a U.S. plaintiff's choice of a home forum permits [transfer] only when the defendant establishes such oppressiveness and vexation to defendant as to be out of all proportion to plaintiff's convenience[.]" *Id.* (quoting *Duha v. Agrium, Inc.*, 448 F.3d 867, 873–74 (6th Cir. 2006)) (internal quotation marks omitted). Here, Plaintiffs filed suit in their home forum, and this decision is entitled to deference. Defendants argue that Plaintiffs are not entitled to deference because of the forum selection clause, but the Court has already determined that the clause was permissive, not mandatory. Plaintiffs were free to choose Michigan as the forum to litigate this case. Therefore, this factor favors Plaintiffs.

Ninth and finally, the interests of justice do not require transferring the case to Texas. Defendants argue that it is in the interests of justice to "hold[] parties to their agreements," referring to the forum selection clause. But Plaintiffs filing suit in Michigan does not violate the parties' forum selection clause. Without any other argument about the interests of justice, the Court finds that this factor favors

Plaintiffs given that this is a localized controversy arising out of events occurring in this forum that this forum has an interest in resolving at home. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 (1981).

Although the factors do not uniformly support one side, the balance of the factors tilts in favor of Plaintiffs. Therefore, the Court concludes that the action must remain in this venue.[6]

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Transfer venue to the United States District Court for the Southern District of Texas, Houston Division [ECF No. 6].

**SO ORDERED.**

Dated:  January 27, 2025                                         /s/Gershwin A. Drain
                                                                 GERSHWIN A. DRAIN
                                                                 United States District Judge

---

[6] Plaintiffs vaguely argued that the forum selection clause was also not enforceable. ECF No. 9, PageID.125. Defendants addressed this argument in reply, contending that Plaintiffs failed to meet the standard for determining enforceability provided in *Lakeside Surfaces*. ECF No. 11, PageID.138 (quoting *Lakeside Surfaces, Inc.*, 16 F.4th at 219–20). Because the Court finds that the instant forum selection clause is not mandatory, it need not reach the issue of enforceability. *See Lakeside Surfaces, Inc.*, 16 F.4th at 216 (stating that an answer of "no" to any of the questions—whether a clause is applicable, mandatory, valid, and enforceable—means a standard forum non conveniens analysis applies).

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 27, 2025, by electronic and/or ordinary mail.

<u>/s/ Marlena Williams</u>
Case Manager