UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHARDY ENTERPRISES LLC,
*et al.*,

                                    Plaintiffs,

v.

NCR ATELOS CORPORATION,
*et al.*,

                                    Defendants.

Case No. 24-12797
Honorable Gershwin A. Drain
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL
(ECF NO. 25)**

---

**A.**

Defendants NCR Atelos Corporation and Cardtronics USA, Inc.,

moved in July 2025 to compel Plaintiffs Khardy Enterprises LLC and KKL

Transportation, LLC's responses to interrogatories and requests for

production.  ECF No. 25.  The Honorable Gershwin A. Drain referred the

motion to the undersigned for hearing and determination under 28 U.S.C.

§ 636(b)(1)(A).  ECF No. 28.

After a status conference in August 2025, the Court ordered the

parties to meet and confer, and then to file a joint list of unresolved issues

before an October 2025 hearing.  ECF No. 34.  The meet and confer order

included detailed instructions for the joint list of unresolved issues,

including that **"The parties' arguments must address relevance to a**

**specific claim or defense, and the proportionality factors under**

**Federal Rule of Civil Rule 26(b)(1)."**  *Id*., PageID.510 (emphasis in

original).  The September 2025 joint list included only this unresolved issue:

"The parties, having agreed that affidavits will need to be supplied as

requested in the Motion to Compel, will need further time to agree upon the

content required in those affidavits."  ECF No. 39, PageID.567.  The Court

thus canceled the hearing and then held three status conferences in

October 2025.  ECF No. 40; ECF No. 41; ECF No. 44.

The parties' joint list of unresolved issues filed the day of the October

31, 2025 status conference revealed that, contradicting the September

2025 joint list, the remaining disputes went far beyond the affidavits.  ECF

No. 51.  The newer list addressed 15 requests for production of documents

(RFPs) and 12 interrogatories, as well as defendants' claim that plaintiffs

failed to sign their discovery responses and had provided no affidavits.  *Id.*

Because the newer joint list included no analysis of the relevance and

proportionality of the discovery requests, the Court ordered the parties to

again meet and confer and then "file **a joint list of unresolved issues** that

2

addresses the relevance and proportionality of the disputed discovery requests and that comports with the guidance set out in the Court's August 2025 meet-and-confer order."  ECF No. 52, PageID.638 (citing ECF No. 34, emphasis in original).  The new joint list was due on December 1, 2025, four days before the hearing.  *Id.*  But no joint list was filed on December 1st and, during a status conference held on December 5th, counsel said that they needed more time.  ECF No. 61, PageID.660.

Thus, on December 8, 2025, the Court again ordered the parties to meet and confer and to file their joint list by January 5, 2026, ahead of a January 9, 2026.  *Id.*, PageID.661.  The Court again instructed that the joint list must address "the relevance and proportionality of the disputed discovery requests and that comports with the guidance set out in the Court's August 2025 meet-and-confer order."  *Id.* (citing to ECF No. 34).

The parties did not file their latest 38-page joint list of unresolved issues until about two hours before the scheduled January 9th hearing, so the Court adjourned the hearing until January 20, 2026.  ECF No. 74; ECF No. 75.  Despite the parties being given months to resolve the issues, disputes about 14 RFPs and nine interrogatories remained.  *Id.*  "Presumably, counsel expected the Court to use the hearing to review one-by-one each of the dozens of outstanding discovery requests, hear

3

argument on each, and declare whether the requested discovery should be compelled.  That type of micromanagement is not the function of this Court."  *State Farm Mut., Auto. Ins. Co. v. Max Rehab Physical Therapy, LLC*, No. CV 18-13257, 2020 WL 12763079, at *2 (E.D. Mich. July 19, 2020) (citing *KCI USA, Inc. v. Healthcare Essentials, Inc.*, No. 1:14 CV 549, 2015 WL 13839455, at *2 (N.D. Ohio May 1, 2015)).[1]

And critically, the joint list of unresolved issues failed to comply with the discovery rules and the meet and confer orders.  The Court thus denies defendants' motion to compel.

## B.

As noted, the Court emphasized repeatedly that the joint list of unresolved issues had to address the relevance of the discovery requests to a claim or defense and include an analysis of the proportionality factors. ECF No. 34; ECF No. 52; ECF No. 61.  Defendants bear the burden of showing that "the information sought by the requests is relevant to the claims or defenses in this action."  *Frazier v. Breville USA, Inc.*, No. 3:23-CV-00563, 2025 WL 2557577, at *4 (M.D. Tenn. Mar. 6, 2025).

---

[1] The Court recommends that the parties consider requesting that Judge Drain appoint a discovery special master.

4

The proportionality factors are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).  The 2015 amendment to Rule 26(b)(1) was meant to "ensure[ ] that the parties and courts share the 'collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.'" *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (citing Rule 26 advisory committee's notes (2015)).

Defendants fail to meet their burden that the requested discovery is relevant to a claim or defense.  ECF No. 74.  They repeatedly argue in the joint list that the "discovery is *necessary* and proportional." *Id*., PageID.774, 776, 778, 781, 784, 787, 789, 791-806 (emphasis added). But Rule 26(b)(1) does not vaguely refer to "necessary" discovery.  Rather, it "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."  Rule 26, advisory committee's notes (2015).

5

Defendants' analysis tied none of their discovery requests to a claim or defense, and their conclusory narratives about why the discovery was necessary assumed a familiarity with the facts and issues in the case that the Court lacks.  *Id*., PageID.774, 776, 778, 781, 784, 787, 789, 791-806. The Court has no duty to scour the record to align defendants' discovery requests with a claim or defense.  "Judges are not like pigs, hunting for truffles that might be buried in the record." *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019) (cleaned up); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (cleaned up))

The Court is aware that defendants maintain that they withheld as "disputed funds" excessive ATM servicing fees that underlie plaintiffs' complaint.  *See* ECF No. 1-1; ECF No. 74, PageID.780-781.  Defendants allege that the fees were withheld because plaintiffs were involved in a scheme to share the fees with members of a "private club."  ECF No. 74, PageID.780-781.  Yet defendants do not clarify the basic relevance of certain information sought, such as the significance of the "private clubs" or "events" hosted by plaintiffs, the relationship between defendants and

6

Empire ATM and how it bears on this lawsuit, or what they mean when they refer to "ISOs." *Id.*, PageID.786, 789-791.

Defendants also failed to address the proportionality factors, except to claim that answering RFPs 2 and 4 would not be onerous. ECF No. 74, PageID.774, 776. Defendants agree that plaintiffs have made several productions and provided signed supplemented discovery responses and two signed affidavits, ECF No. 74*,* PageID.772, and they fail to explain why plaintiffs' production was insufficient for the needs of the case. *See Weidman v. Ford Motor Company*, No. CV 18-12719, 2021 WL 2349400, at *3 (E.D. Mich. June 9, 2021) (denying motion to compel because "plaintiffs do not show that Ford's earlier searches for documents were insufficient to uncover materials about hydrocarbon intrusion causing the alleged brake defect").

Nor do defendants present evidence to counter plaintiffs' repeated assertions that they have produced all documents in their possession, custody, or control. *See, e.g.*, *id.*, PageID.772, 774-777, 782, 785, 787, 790, 792, 794. By signing discovery responses, "an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," any disclosure "is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g). Absent credible evidence,

7

the responding party's representation that there are no additional documents is sufficient to defeat a motion to compel." *Weidman v. Ford Motor* Co, No. CV 18-12719, 2021 WL 2349400, at *4 (E.D. Mich. June 9, 2021) (cleaned up).  "Credible evidence is more than mere speculation and must permit a reasonable deduction that other documents may exist or did exist and have been destroyed." *Id.* (cleaned up).  Defendants offer only their own suspicions that more responsive documents exist.

And defendants seek to compel documents that they did not request with the required reasonable particularity.  Fed. R. Civ. P. 34(b)(1)(A).  RFP 2, for example, requested that plaintiffs "[p]roduce [d]ocuments relating to the ownership of Plaintiff, including any changes in ownership."  ECF No. 74, PageID.772.  Defendants note that plaintiffs produced documents from the LARA website, "bank records[,] and IDs."  *Id.*, PageID.773.  But without explaining why those records are insufficient for showing plaintiffs' ownership history, defendants demanded documents that must be maintained under Mich. Comp. Laws § 450.4213—documents that they did not request.  *Id.*, PageID.773.

Without explicitly saying so, defendants appear to have meant to request "any and all" documents addressing plaintiffs' ownership interest.

8

The Court explained in its August 2025 meet-and-confer order that such omnibus requests are improper.

> A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive." *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018). Courts have long condemned omnibus "any and all" document requests. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-88 (2004) (document requests asking "for everything under the sky" were "anything but appropriate"); *Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich. Aug. 21, 2020) (finding the defendant's exceptionally broad discovery requests violated Fed. R. Civ. P. 26(g))

ECF No. 34, PageID.33.

Other overly broad requests are RFP 16 ("Produce Documents relating to Communications between you and Empire ATM") and RFP 17 ("Produce Documents relating to Communications between you and US ATM Experts."). ECF No. 74, PageID.792-794. Courts reject document requests like these because they are "unlimited in subject matter and in time, and therefore would sweep in numerous documents that bear no relevance to the claims or defenses raised in this matter." *Mirmina v. Genpact LLC*, No. 3:16CV00614(AWT), 2017 WL 2559733, at *3 (D. Conn. June 13, 2017); *see also Mannon v. VAMC Ann Arbor*, No. 23-CV-12612, 2025 WL 776181, at *1 (E.D. Mich. Mar. 11, 2025).

9

Another example defendants' guessing game is RFP 9, requesting documents relating to communications with a third party about sharing servicing fees incurred from ATMs cited in the complaint.  ECF No. 74, PageID.785.  Plaintiffs responded by sharing Instagram links to "communications with third parties letting them [k]now where the 'events that the company hosted' were to be located and the times."  *Id*., PageID.786.  During the January 20 hearing, defendants acknowledged that the information sought could be found through the Instagram links, but complained that plaintiffs produced no metadata related to the content of the documents on Instagram.  Defendants asked for metadata neither in RFP 9 nor in the joint list of unresolved issues.  ECF No. 74.

For all these reasons, defendants' motion to compel is **DENIED** (ECF No. 25).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 22, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2026.

s/Davon Allen<br>
DAVON ALLEN<br>
Case Manager

11